UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ELIZABETH FISHER and
WENDY H. KRIVIT,

               Plaintiffs,

    - against -

CYNTHIA TICE,

               Defendant.

------------------------------------x

15 CV 955

15 Civ.

## COMPLAINT

Plaintiffs Elizabeth Fisher ("Fisher") and Wendy H. Krivit ("Krivit"), by their undersigned attorneys, for their complaint against defendant Cynthia Tice ("Tice"), allege:

### Nature of the Action

1. Plaintiffs are bringing this action to remedy Tice's breach of contract, and breach of fiduciary duty. In essence, after Fisher, Krivit and Tice formed and pursued a joint venture to develop and market a zero-sugar, naturally sweetened chocolate bar, Tice misappropriated the ideas and know-how of the joint venture, started a new company that excluded Fisher and Krivit, and, with another investor, brought the chocolate bar to market.

### Jurisdiction and Venue

2. The Court has subject matter jurisdiction over the claims for relief in this action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Background

A. Parties

4. Fisher is a citizen of the State of New York, residing in Warwick, New York. For more than 20 years, Fisher has been engaged in the business of developing and marketing natural foods.

5. Krivit is a citizen of the State of New York, residing in New York, New York. Krivit is an Emmy Award-winning art director and graphic designer.

6. Tice is a citizen of the State of New Jersey residing in Cherry Hill, New Jersey. Tice had been a buyer of natural foods for supermarkets.

B. The Origins Of The Joint Venture.

7. From about 2003, until the events giving rise to this action, Fisher and Tice were business colleagues and friends. In or about 2008, Fisher introduced Tice to Margaret Garcia, and helped Tice secure a job at R.W. Garcia Co., Inc.

8. In 2008, Fisher and Tice formed a 50/50 joint venture to develop and market a carbonated beverage that contained a zero-sugar, natural sweetening blend (the "Beverage").

9. By September 2008, Fisher and Tice had (i) incorporated Oz Group, Inc. ("Oz") to further their joint venture, (ii) orally promised each other that, unless they agreed otherwise, they would work with each other, and only with each other, to create and develop their product, and (iii) written a 5-year business plan. An important part of the business plan was to target Whole Foods as a first customer.

10. On or about 2008, Oz retained a flavoring company known as Wild Flavors to create a unique proprietary blend of stevia and erythritol for their Beverage. Wild Flavors developed prototypes, and Oz tested them with focus groups.

11. By about 2009, Fisher and Tice had each incurred approximately ten-thousand dollars in expenses in connection with Oz.

12. Throughout this developmental process, Fisher and Tice sought a substantial investor who could bring the joint venture to its next level.

13. In or about the third quarter of 2009, Oz learned that large companies in the carbonated beverage market, including Pepsi, were planning to bring to market similar zero-sugar, naturally sweetened carbonated beverages. Fisher and Tice soon realized they could not compete with the products of companies which had such financial strength. Fisher and Tice shelved the Beverage idea.

C. <u>The Zero-Sugar, Naturally Sweetened Chocolate Bar</u>

14. Within months of shelving the Beverage idea, Fisher had the idea to use that existing business plan and sweetening formula to develop and market a zero-sugar, naturally sweetened chocolate bar.

15. In about November or December of 2009, Fisher and Tice agreed to add Krivit as a partner in their joint venture. The parties agreed that in consideration of a 10% stake in the joint venture, Krivit would design the graphics related to the look and feel of the chocolate bar, and contribute to its branding.

16. By July of 2010, the joint venture had developed prototypes of the chocolate bar. In July 2010, Fisher, Tice and certain of their relatives and friends met at Fisher's home in Warwick, New York to sample a prototype of the chocolate bar. All parties agreed that

the formula needed to be slightly modified. Tice agreed to develop the next prototype. However, Tice never reported to Fisher or Krivit that she had done so.

17. In about October of 2010, Fisher and Tice altered their business relationship in connection with another project. Specifically, in about October of 2009, Fisher had hired Tice as an independent sales representative for one of Fisher's other companies, called Coast to Coast. Fisher paid Tice a retainer of $1,500 per month. However, in October 2010, Fisher told Tice that the business she was generating for Coast to Coast was not sufficient and that Fisher would not continue to pay the $1,500 per month retainer. However, Fisher did offer Tice a retainer of $4,000 per month, provided that Tice also acted as a sales representative for one of Fisher's other companies, Rob's Really Good LLC. Tice, however, refused that offer. Fisher and Tice therefore ended their relationship with respect to Coast to Coast. Their friendship also suffered, but was repaired within months, when Fisher and Tice began speaking regularly by telephone.

18. On or about September 6, 2011, Fisher was diagnosed with Stage 3 ovarian cancer. Fisher underwent surgery and chemotherapy from November of 2011 through February of 2012.

D.     <u>Tice's Breach of Contract and Fiduciary Duty</u>

19. By at least July of 2011, and perhaps as early as August 2010, Tice entered into an agreement with Chuck Genuardi ("Genuardi") without the knowledge or consent of Fisher or Krivit. Tice and Genuardi agreed to form a company Lily's Sweets, LLC ("Lily's") to develop and market the naturally sweetened chocolate bar, that, upon information and belief, was identical in all material respects to the formula that the joint venture had developed.

20. Lily's was registered on July 5, 2011, and is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania.

21. In or about February of 2012, Fisher had completed chemotherapy, and was able to travel. In a telephone conversation with Tice in February 2012, Fisher told Tice that she planned to attend a Whole Foods Tabletop trade show in Boston. Tice then admitted to Fisher that she had formed Lily's, with another investor, developed the chocolate bar and would be at the Whole Foods Tabletop trade show in Boston. Despite her joint venture with Fisher and Krivit to develop the chocolate bar, Tice had deliberately concealed from them Tice's formation of Lily's and her development and marketing of the chocolate bar. Tice's deceit had a devastating emotional impact on Fisher.

22. In or about September of 2012, Fisher confronted Tice concerning the manufacture and sale of Lily's chocolate bar. Fisher told Tice, among other things, that it was a project that belonged to them collectively and that Tice had no right to have developed the project or to have marketed it without Fisher's knowledge, input or consent.

23. In or about September of 2013, Fisher's cancer reoccurred, and she confronted numerous medical issues, including surgery and chemotherapy, which was completed in April of 2014.

24. Lily's chocolate products are currently found nationwide at Whole Foods Market and Safeway, as well as regionally at Ahold, Wegmans, Harris Teeter and more than 3,000 other natural, specialty and grocery stores country-wide. The current growth rate has primed Lily's as a target for market acquisition.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

25. Fisher and Krivit repeat the allegations in Paragraphs 1 through 24 above as if set forth in full.

26. Fisher and Tice entered into an oral contract during 2008. Fisher and Tice agreed that they would work with each other to develop a soft drink product and that they would not seek outside partners absent the agreement of the other. Fisher and Tice modified their oral agreement in 2010 to include Krivit and to replace the soft drink product with a chocolate bar product.

27. Tice has breached her contract with Fisher and Krivit by forming a new company with Genuardi to develop the chocolate bar, excluding Fisher and Krivit. Tice has not paid any money to Fisher and Krivit with regards to their oral contract or in connection with the chocolate bar.

28. Fisher and Krivit are entitled to the imposition of a constructive trust on Tice's interest in Lily's, or any successor company. Alternatively, Fisher and Krivit are entitled to a declaratory judgment concerning their ownership interest in Lily's. Fisher and Krivit have no adequate remedy at law.

29. Fisher and Krivit have suffered damages as a result of Tice's breach of contract in an amount to be determined by the trier of fact in this action.

## SECOND CLAIM FOR RELIEF
(Breach of Fiduciary Duty – Constructive Trust)

30. Fisher and Krivit repeat the allegations in Paragraphs 1 through 29 above as if set forth in full.

31. The contract between Fisher, Krivit and Tice, constituted a joint venture. As a result of that joint venture, Tice owed a fiduciary duty to Fisher and Krivit.

32. Tice breached her fiduciary duty by excluding Fisher and Krivit from an ownership interest in Lily's and the revenue that resulted from it.

33. Fisher and Krivit are entitled to the imposition of a constructive trust on Tice's interest in Lily's, or any successor company. Alternatively, Fisher and Krivit are entitled to a declaratory judgment concerning their ownership interest in Lily's. Fisher and Krivit have no adequate remedy at law.

34. Fisher and Krivit have suffered damages as a result of Tice's breach of fiduciary duty in an amount to be determined by the trier of fact in this action.

35. Fisher and Krivit are entitled to recover punitive damages as a result of Tice's breach of fiduciary duty.

WHEREFORE, Fisher and Krivit demand judgment:

A. Awarding Fisher and Krivit compensatory damages for breach of contract and/or breach of fiduciary duty in an amount to be determined by the trier of fact in this action;

B. Imposing a constructive trust on Tice's interest in Lily's Sweets, LLC, or any successor entity, or alternatively entering a declaratory judgment concerning the ownership interests of Fisher and Krivit;

C. Awarding Fisher and Krivit punitive damages in an amount to be determined by the trier of fact in this action; and

D. Granting such other and further relief as this Court seems just and proper.

<u>Jury Trial Demand</u>

PLEASE TAKE NOTICE that, pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fisher and Krivit hereby demand a trial by jury of all issues that are so triable.

Dated: New York, New York
February 9, 2015

DUNNEGAN & SCILEPPI LLC

By *William Dunnegan*
William Dunnegan (WD9316)
wd@dunnegan.com
Laura Scileppi (LS0114)
ls@dunnegan.com
Attorneys for Plaintiffs
350 Fifth Avenue
New York, New York 10118
(212) 332-8300