UNITED SATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELIZABETH FISHER and
WENDY H. KRIVIT,

                       Plaintiffs,      No. 15 Civ. 955 (LAK) (DCF)

        - against -

CYNTHIA TICE,                     **ANSWER**

                      Defendant.

------------------------------------------------------------X

      Defendant Cynthia Tice ("Tice"), by and through her attorneys, Nixon Peabody LLP, hereby responds to the Complaint of plaintiffs Elizabeth Fisher and Wendy H. Krivit ("Plaintiffs"), as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation as to why Plaintiffs are bringing this case and denies the other allegations in the first sentence in paragraph "1" of the Complaint. Denies the allegations in the second sentence in paragraph "1" of the Complaint.

      2.     In response to paragraph "2" of the Complaint, refers all questions of law to the Court and denies the remaining allegations.

      3.     In response to paragraph "3" of the Complaint, refers all questions of law to the Court and denies the remaining allegations.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Complaint.

6. Admits the allegations in the first sentence in paragraph "6" of the Complaint. Denies the allegations in the second sentence of paragraph "6" of the Complaint, but states that, among many other things, Tice has been a buyer and consultant to supermarkets and has extensive brand management experience.

7. Denies the allegations in the first sentence in paragraph "7" of the Complaint, but admits that Tice was a business colleague of Fisher from about 2003 until 2010. Denies the allegations in the second sentence in paragraph "7" of the Complaint.

8. Denies the allegations in paragraph "8" of the Complaint, but admits that, in 2008, Tice and Fisher agreed to develop and market a stevia sweetened beverage.

9. Denies the allegations in the first sentence in paragraph "9" of the Complaint, but admits that Oz Group, Inc. was formed to market a stevia sweetened beverage and admits that there was a business plan for the beverage. Denies the allegations in the second sentence of paragraph "9" of the Complaint, but states that it is industry custom and practice, in the natural foods market, to target Whole Foods as a first customer.

10. Denies the allegations in paragraph "10" of the Complaint.

11. Denies the allegations in paragraph "11" of the Complaint, but states that during 2008, Fisher and Tice each invested approximately $10,000 in the development of the stevia sweetened beverage.

12. Denies the allegations in paragraph "12" of the Complaint.

13. Denies the allegations in paragraph "13" of the Complaint, but states that during early 2009, Tice and Fisher learned that Coke and Pepsi were pursuing the development of a

stevia sweetened soft drink, and they abandoned the plan to develop a stevia sweetened beverage.

14. Denies the allegations in paragraph "14" of the Complaint.

15. Denies the allegations in paragraph "15" of the Complaint.

16. Denies the allegations in paragraph "16" of the Complaint.

17. Denies the allegations in paragraph "17" of the Complaint, but states that in 2010, Tice and Fisher terminated their business relationship.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Complaint.

19. Denies the allegations in paragraph "19" of the Complaint, but admits that Tice and Chuck Genuardi formed a company called Lily's Sweets.

20. Admits the allegations in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and last sentences of paragraph "21" of the Complaint and denies the remaining allegations in paragraph "21" of the Complaint.

22. Denies the allegations in paragraph "22" of the Complaint, but admits that Fisher and Tice saw each other on or about September 2012.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Complaint.

24. Denies the allegations in paragraph "24" of the Complaint, but states that Lilly's Sweets' chocolate products are distributed at national and regional supermarket chains and at other natural, specialty, and grocery stores.

25. In response to paragraph "25" of the Complaint, repeats and realleges the responses to paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. Denies the allegations in paragraph "26" of the Complaint.

27. Denies the allegations in paragraph "27" of the Complaint.

28. Denies the allegations in paragraph "28" of the Complaint.

29. Denies the allegations in paragraph "29" of the Complaint.

30. In response to paragraph "30" of the Complaint, repeats and realleges the responses to paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. Denies the allegations in paragraph "31" of the Complaint.

32. Denies the allegations in paragraph "32" of the Complaint.

33. Denies the allegations in paragraph "33" of the Complaint.

34. Denies the allegations in paragraph "34" of the Complaint.

35. Denies the allegations in paragraph "35" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state facts sufficient to state any claim or cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff Wendy H. Krivit lacks standing to bring this lawsuit.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

There was no alleged contract or agreement between Plaintiffs and Tice for the development of stevia sweetened chocolates.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any alleged agreement was terminated by mutual consent of the Plaintiffs and Tice.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each and every cause of action therein arising from any alleged oral agreement are barred by the applicable statute of frauds.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Tice does not and did not owe a fiduciary duty to either Plaintiff relating to the development of a stevia sweetened chocolate product.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each and every cause of action therein are barred by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Tice alleges, on information and belief, that Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Tice alleges, on information and belief, that Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Tice alleges, on information and belief, that Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Tice alleges, on information and belief, that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each and every cause of action therein are barred due to improper venue.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Tice will rely upon any and all other further affirmative defenses if and when they become available or are revealed during discovery proceedings in this action, and Tice hereby specifically reserves the right to amend her Answer for the purposes of asserting any such additional affirmative defenses.

**WHEREFORE**, Tice demands judgment in her favor:

1. dismissing all counts of the Complaint with prejudice;
2. denying the relief sought in the Complaint in its entirety;
3. awarding her the costs and disbursements of this action; and
4. granting her such other and further relief as this Court deems equitable and proper.

Dated: New York, New York
April 17, 2015

Respectfully submitted,

NIXON PEABODY LLP

By: /s/ Constance M. Boland
Constance M. Boland
437 Madison Avenue
New York, New York 10022
(212) 940-3122
*Attorneys for Defendant
Cynthia Tice*

TO: DUNNEGAN & SCILEPPI
350 Fifth Avenue
New York, NY 10118

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2015, I caused true and correct copies of the Defendant's Answer to be served on the following attorneys-of-record for the Plaintiffs via ECF and Federal Express:

Laura Jean Scileppi, Esq.
Dunnegan & Scileppi LLC
350 Fifth Avenue
New York, NY 10118
(212) 332-8304
Fax: (212) 332-8301
Email: ls@dunnegan.com

William Irvin Dunnegan, Esq.
Dunnegan & Scileppi LLC
350 Fifth Avenue
New York, NY 10118
(212) 332-8300
Fax: (212) 332-8301
Email: wd@dunnegan.com

_____
Constance M. Boland