paper 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/29/15
```

-------------------------------------------------------X
                             :

ELIZABETH FISHER and
WENDY H. KRIVIT,
                             :

               Plaintiffs,   :   No. 15 Civ. 955 (LAK) (DCF)

                             :

       - against -            :

CYNTHIA TICE,
                             :

               Defendant.  :

-------------------------------------------------------X

## CONFIDENTIALITY AND CLAWBACK AGREEMENT AND ORDER

     This agreement sets forth the understanding by and between Plaintiffs Elizabeth Fisher

and Wendy H. Krivit and Defendant Cynthia Tice (collectively "the Parties"), regarding the

Parties' and third parties' production of documents and information in discovery in the above

captioned matter (the "Action"). This agreement governs documents and information that any

party claims are protected from disclosure by the attorney-client, work-product, or other

privileges ("Privileged Material"), or are otherwise claimed to be Confidential Information or

Highly Confidential Information, as defined below.

     WHEREAS, the Parties will be producing documents, including Electronically Stored

Information, in this Action. In connection with such productions, the Parties intend to take

reasonable steps to prevent the inadvertent disclosure of documents that are Privileged Materials

by, for example, conducting an electronic privilege review, which will involve searching for

attorneys' last names and key terms related to the rendering of legal advice, and will withhold

any Privileged Materials from production following a review and good-faith determination that,

in the party's view, the Privileged Materials are privileged.

WHEREAS, documents may contain Privileged Materials not subject to discovery under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable sources of law.

WHEREAS, the Parties acknowledge that, despite each Party's best efforts to conduct a thorough pre-production review of documents, some Privileged Materials may be inadvertently disclosed to the other Party during the course of discovery in the Action.

WHEREAS, the Parties seek to establish a mechanism to avoid waiver of privilege as a result of the inadvertent disclosure of Privileged Materials.

WHEREAS, the Parties and third parties will be producing documents, including Electronically Stored Information, in this Action that contain, based on the Producing Party's good faith belief, (a) trade secrets or other confidential research, development, or commercial information, including proprietary business information, or personal financial, medical, or other private information relating to any individual or third parties, and (b) is not in the public domain, or, if in the public domain, is in the public domain improperly ("Confidential Information").

WHEREAS, the Parties and third parties will be producing documents, including Electronically Stored Information, in this Action that contain, based on the Producing Party's good faith belief, Confidential Information, the disclosure of which would result in competitive, commercial, personal or financial harm to the Producing Party or its personnel, clients or customers if disclosed ("Highly Confidential Information").

WHEREAS, the Parties desire to prevent the disclosure of Confidential Information and/or Highly Confidential Information to unauthorized individuals or entities.

NOW THEREFORE,IT IS HEREBY ORDERED:

That any person subject to this Order -including the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with notice of this Order --shall adhere to the following terms:

## I.    PRIVILEGED MATERIALS

A.     This Subsection I is intended to be consistent with Rule 502 of the Federal Rules of Evidence and is not to be construed to diminish either Party's rights or obligations as therein described.

B.     If the Party producing documents (the Producing Party) discovers that it has inadvertently produced Privileged Materials to the Party receiving the documents (the Receiving Party) and does not wish to waive the privilege, the Producing Party will notify the Receiving Party in writing that Privileged Materials, identified by Bates number(s), have been inadvertently produced, and state the basis of its assertion of the privilege with sufficient specificity to allow the Receiving Party to evaluate the Producing Party's privilege claim(s).  Within fourteen (14) calendar days of receiving such written notification from the Producing Party, the Receiving Party will: (a) return the production media containing the Privileged Materials; (b) destroy all other electronic or paper copies of the Privileged Materials in its possession or control; and (c) make reasonable efforts to delete the Privileged Materials from any database or other medium in the Receiving Party's possession or control in which the Privileged Materials are electronically stored.  Within seven (7) calendar days of the destruction of all copies of the Privileged Materials in its possession or control, the Receiving Party will provide a written certification confirming such destruction to the Producing Party.  Within fourteen

3

(14) calendar days following the Producing Party's receipt of such written notification confirming the destruction of the Privileged Materials, the Producing Party will provide, unless otherwise stipulated by the Parties, the Receiving Party with a new production media containing versions of all of the documents on the original production media, except for the Privileged Materials.

      C.     If the Receiving Party discovers that it has received one or more documents from the Producing Party that, in the judgment of the Receiving Party, appear to be Privileged Materials, the Receiving Party promptly will notify the Producing Party in writing that such documents have been produced and will identify the documents by Bates number(s).  If the Producing Party responds to the Receiving Party in writing that the documents are indeed Privileged Materials and that the Producing Party does not wish to waive the privilege, the Receiving Party will take the steps described in subparagraph (I)(B) above regarding the Privileged Materials.  Within fourteen (14) calendar days following the Producing Party's receipt of the Receiving Party's written notification confirming the destruction of the Privileged Materials, the Producing Party will provide, unless otherwise stipulated by the parties, the Receiving Party with: (a) a new production media containing versions of all of the documents on the original production media, except for the Privileged Materials; and (b) a privilege log identifying the Privileged Materials.

      D.     In connection with documents produced by the Parties, and consistent with Rule 502(b) of the Federal Rules of Evidence, the inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld as Privileged Material shall NOT waive any privilege for that document or for the subject

matter of the inadvertently disclosed document in the Action or any other Federal or state proceeding.

E.     The Receiving Party and its agents shall not use, copy, transfer, or distribute any information acquired from the Privileged Materials. If the Receiving Party believes that a document claimed as privileged is not, in fact, Privileged Material and wishes to use or disclose the document, prior to taking any such action, the Receiving Party will so notify the Producing Party in writing, setting forth the reasons why the Receiving Party does not consider the document to be privileged, and requesting the Producing Party's consent prior to using or disclosing the document. The Producing Party promptly will, in writing, either consent to the Receiving Party's use or disclosure of the document, or advise the Receiving Party that it disagrees with the Receiving Party (setting forth the reasons for this disagreement) and does not consent to the Receiving Party's use or disclosure of the Privileged Material. If the Producing Party does not consent to the Receiving Party's use or disclosure of the Privileged Material, the Receiving Party, in its sole discretion, may promptly take the necessary steps to permit the Court to conduct in camera review, to entertain arguments from both Parties, and to decide whether the document is protected from disclosure by the asserted privilege(s) and/or whether such protection has been waived or is otherwise inapplicable. In these limited circumstances, the Receiving Party may sequester and retain copies of the Privileged Material, solely for seeking Court determination. The Privileged Material will remain segregated and sealed unless and until the Court authorizes the Privileged Material's use or disclosure, subject to the next sentence. In the event that the Court rules that the Receiving Party may use or disclose the document claimed as privileged but

5

determined to not be privileged or where the privilege has been deemed waived, the Receiving Party must continue to segregate and seal such document only if the Producing Party notifies the Receiving Party in writing of its intent to appeal the Court ruling within ten (10) calendar days of receipt of the ruling. If the Receiving Party elects not to take the necessary steps to permit the Court to entertain arguments with regard to such a document that the Receiving Party believes is not privileged, as to which the Receiving Party believes privilege has been waived or is otherwise inapplicable, the Receiving Party shall not use or disclose the Privileged Material, and will continue to comply with the provisions of this Agreement.

F.     Any Privileged Material inadvertently disclosed by the Producing Party to the Requesting Party shall be and remain the property of the Producing Party.

## II.     CONFIDENTIAL INFORMATION

A.     The Producing Party shall designate documents or other information as Confidential Information prior to or at the time of production in the following manner:

1.     For any documents, whether in paper or electronic format, but excluding deposition transcripts, designation of Confidential Information shall be made by marking each page of the document asserted to contain Confidential Information with "Confidential," "Confidential Treatment Requested," or some similar phrase (without obscuring or defacing the document). If documents are produced in a native electronic format such that they cannot be marked as described, the production shall be accompanied by a cover letter identifying the native format documents that are designated as containing Confidential Information, and where possible, the legend "Confidential" or "Contains Confidential Information" shall appear in the electronic file name. For documents

6

produced in electronic form, there shall also be affixed to the physical media on which any such information is produced the legend "Confidential" or "Contains Confidential Information."

2.      For interrogatory answers and responses to requests for admissions, designations of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "Confidential" or "Contains Confidential Information."

3.      For depositions, designations of Confidential Information shall be made by a statement to such effect on the record at any time in the course of the deposition identifying the specific testimony and/or exhibits asserted to contain Confidential Information and stating the reasons for this assertion, or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Agreement until the expiration of the above-referenced 30-day period for designation, except that the deponent may review the transcript of his or her own deposition during this 30-day period. The following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Contains Confidential Information." If all or part of a deposition recorded by videographic means is designated as

Confidential Information, the recording storage medium and its container shall be labeled "Contains Confidential Information." Documents and other items used as exhibits at a deposition that have not previously been produced in discovery in this Action shall be designated as Confidential Information using the procedures specified in subparagraphs (II)(A)(1) or (4).

4.      For any other item produced in discovery in this Action not falling within subparagraphs (II)(A)(1), (2), or (3) above, designation of Confidential Information shall be made by labeling the item or the item's container "Contains Confidential Information." If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions.

B.      If timely corrected, an inadvertent failure to designate qualified information as Confidential Information will not, standing alone, waive the Producing Party's ability to secure protection under this Agreement for such information. A Producing Party that inadvertently fails to designate Confidential Information at the time of its production in discovery in this Action may correct the designation of Confidential Information by doing so in writing, to the Receiving Party, within a reasonable time after discovery of the inadvertent failure to designate, accompanied by substitute copies of each newly-designated document bearing a corrected designation if required in accordance with subparagraph (II)(A) above. Within fourteen (14) calendar days of receipt of the written notice and any required substitute copies, the Receiving Party shall advise all individuals who received any newly-designated items containing Confidential Information prior to the written notice of the corrected designation and shall either (a)

8

collect and return to the Producing Party all copies of the mis-designated items or (b) attest to the Producing Party that all copies of the mis-designated items have been destroyed. Those signatories to this agreement who reviewed the mis-designated items prior to notice of the mis-designation shall abide by the provisions of this Agreement with respect to the disclosure, use, and handling of Confidential Information contained in the mis-designated items.

C.     **Objecting to Designations**

1.     A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2.     The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Agreement by providing to the Producing Party written notice of each designation it is challenging and describing the basis for each challenge. The Challenging Party and the Producing Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within seven (7) calendar days of the service of notice. In conferring, the Challenging Party must explain the basis for its belief that the designation as Confidential Information was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. For any challenge to the designation of 100 pages or less of Confidential Information, within seven (7) calendar days of the service of the notice, the Producing Party shall advise the Challenging Party of its final

decision whether it will agree to change the designation or will maintain the applicability of the designation. For any challenge to the designation of more than 100 pages of Confidential Information, the parties, acting in good faith, shall agree on a reasonable time for the Producing Party to advise the Challenging Party of its final decision.

3.     If agreement is reached to exempt from the provisions of this Agreement any information subject to the challenge, the Producing Party shall serve on all Parties a notice specifying the information and the nature of the agreement.

4.     If the Producing Party and Challenging Party are unable to reach an agreement as to the proper designation of the information, within seven (7) calendar days after the Producing Party has provided its final decision regarding the designation, the Producing Party may file a motion seeking a Court ruling that the information at issue is properly designated as Confidential Information. Failure to file a motion within the specified time shall result in the information at issue losing its designation as Confidential Information.

5.     The burden of persuasion in any proceeding challenging the designation of Confidential Information shall be on the Producing Party seeking to maintain the designation.

6.     Any information designated as Confidential Information pursuant to and after the execution of this Agreement shall be treated as Confidential Information until such time as (a) the Producing Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such

information should not be treated as Confidential Information, provided that such treatment as Confidential Information shall continue despite such ruling if the ruling is subject to a stay by operation of law because it is subject to appeal or review, or it is otherwise stayed by a court of competent jurisdiction.

D.    **Disclosure, Use, and Handling of Confidential Information**

1.    A Receiving Party may use Confidential Information received from a Producing Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Agreement.

2.    Counsel of record are responsible for employing reasonable measures, consistent with this Agreement, to control access to and distribution of Confidential Information.

3.    Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

a)    Counsel for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants; paralegals; and investigative, secretarial or clerical personnel;

b)    The Court (including any judicial officer to whom the matter may be referred for settlement purposes), Court personnel, jurors, and persons recording or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

c)    Any person for whom it is evident that the person prepared,

11

received, reviewed, or otherwise had been provided access to the

Confidential Information prior to its production pursuant to discovery in

this Action;

       d)      Outside photocopying, data processing, graphic production,

or other professional service vendors whose litigation support services are

reasonably necessary to litigation in this Action;

       e)      Any expert or consultant (or any individual retained by

such expert or consultant for purposes of assisting in the expert or

consultant's work in connection with this Action) who is retained by

counsel for the purposes of consulting and/or testifying in this Action; and

       f)      Any third party mediator, settlement judge, or arbitrator

selected by the parties or assigned by the Court.

       4.      Prior to any disclosure of any Confidential Information to any

person referred to in subparagraphs 3(d) or 3(e) above, such person shall be

provided by counsel with a copy of this Protective Order and shall sign a Non-

Disclosure Agreement in the form annexed as an Exhibit hereto stating that that

person has read this Order and agrees to be bound by its terms. Said counsel shall

retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to

opposing counsel either prior to such person being permitted to testify (at

deposition or trial) or at the conclusion of the case, whichever comes first.

       5.      Persons receiving Confidential Information pursuant to the terms

of this Agreement are prohibited from disclosing it to any person except in

conformance with this Agreement. The recipient of any Confidential Information

provided pursuant to this Agreement shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and confidential information.

6.      Without written permission from the Producing Party or a court order secured after appropriate notice to the Producing Party, a Party may not file in the public record in this Action any item containing Confidential Information or any pleading referencing Confidential Information. All items containing Confidential Information and pleadings referencing Confidential Information shall be filed in the public record as an ECF document in a form that redacts the Confidential Information, with the unredacted pleading or item containing Information filed under seal in accordance with the local rules of this Court.

E.      **Confidential Information Subpoenaed or Ordered Produced In Other Litigation**

1.      If, at any time, a Receiving Party or a person who received Confidential Information from a Receiving Party pursuant to this Agreement receives a subpoena or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity seeking any of that Confidential Information, the Receiving Party shall, unless prohibited from doing so by law or regulation: (a) promptly provide written notice to the Producing Party, which notice shall include the date set for the production of the subpoenaed or requested Confidential Information and a

13

copy of the subpoena or other form of legal process; (b) promptly notify in writing the person who caused the subpoena or other form of legal process to issue in the other litigation that some or all of the material covered by the subpoena or other form of legal process is subject to this Agreement. Unless prohibited from doing so by law or regulation, the person to whom the subpoena or other form of legal process is directed (the "Subpoenaed Person") shall not disclose any Confidential Information in response thereto without first providing the Producing Party a reasonable period under the circumstances, or ten (10) calendar days, whichever is shorter, to inform the Subpoenaed Person either that the Producing Party does not object to production of the Confidential Information or that the Producing Party will seek court protection to prevent the production.

2.      If the Producing Party either advises that it will not seek court protection or fails to provide advice regarding the Producing Party's position within the ten (10) calendar day period set forth in subparagraph (II)(E)(1) above, the Subpoenaed Person may produce the Confidential Information.

3.      The Producing Party shall bear the burden and expense of seeking protection of its designated Confidential Information and nothing in this Agreement should be construed as authorizing or encouraging a Subpoenaed Person to disobey a lawful directive from another court.

F.      **Inadvertent Disclosures by the Receiving Party:** If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Agreement, has disclosed Confidential Information to any person or in any circumstance not authorized under this Agreement,

14

the Receiving Party shall, upon learning of the unauthorized disclosure: (i) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Agreement; (ii) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information; and (iii) within five (5) calendar days notify the Producing Party of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

G. **Return or Destruction of Material On Final Disposition:** Within sixty (60) calendar days after receiving notice of the entry of an order, judgment or decree finally disposing of or resolving the Action, including the exhaustion of all possible appeals and other reviews, absent a court order or written agreement to the contrary, each Receiving Party shall advise all persons to whom it disclosed Confidential Information pursuant to this Agreement and shall either (a) collect and return to each Producing Party all copies of the Confidential Information produced by that Producing Party or (b) attest to each Producing Party that all copies of the Confidential Information produced by that Producing Party have been destroyed. As to material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Agreement, so long as it is clearly marked to reflect that it contains Confidential Information subject to this Agreement. Counsel of record for the Parties shall also be entitled to retain an archival

15

copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; all documents produced in the case; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Agreement shall continue to govern the disclosure, use, and handling of any Confidential Information until a Producing Party agrees otherwise in writing or a court order otherwise directs.

### III. HIGHLY CONFIDENTIAL INFORMATION

A.   Except as otherwise provided, the provisions of Section II shall apply to those documents or information designated as Highly Confidential – Attorney's Eyes Only.

B.   The Producing Party shall designate Highly Confidential Information in the manner set forth in Section II(A), except that documents or media shall be marked "Highly Confidential – Attorney's Eyes Only."

C.   Highly Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

1.   counsel for the Parties in this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder. For the avoidance of doubt, Highly Confidential Information disclosed to such

16

persons may not be used for any business or other purpose unrelated to the prosecution or defense of this Action;

2.     expert witnesses, provided, however, that any part of a report created by such experts relying on or incorporating Highly Confidential Information in whole or in part shall be designated as Highly Confidential Information by the Party responsible for its creation, and that such experts may not use Highly Confidential Information for any purpose that does not relate to the Action;

3.     third-party vendors or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action, provided, however, that such third-party vendors or consultants may not use Highly Confidential Information for any purpose that does not relate to the Action;

4.     the Court and Court personnel;

5.     an officer before whom a deposition is taken, including stenographic reporters, videographers and any necessary secretarial, clerical or other personnel of such officer;

6.     actual or potential witnesses, provided there is a reasonable basis to believe that the witness will give relevant testimony regarding the Highly Confidential Information, and provided that said witness has reviewed this Order with the assistance of an attorney of record, and has signed and delivered to such counsel a written agreement to be bound by, and comply with, the terms of this Protective Order.  Any Highly Confidential

Information reviewed by an actual or potential witness may be shown to, but not retained by, the witness; the witness may not take Highly Confidential Information into his or her possession;

7.    any person or entity indicated on the face of a document, or by deposition or trial testimony, to be the author or recipient of the document, or to have otherwise had custody of the document(s) designated as Highly Confidential Information;

8.    any other person or entity agreed to by the Parties or to whom disclosure is required by law, subject to the requirements of Section II(E).

## IV.   MISCELLANEOUS

A.    A Party's compliance with the terms of this Agreement shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

B.    This Agreement represents the entire agreement of the Parties and supersedes all previous understandings and agreements between the Parties, whether oral or written. If any provision of this Agreement is determined by any court or other competent authority to be unlawful and/or unenforceable, that provision will be deemed deleted and the other provisions of this Agreement will continue in effect.

C.    This Agreement may be modified any time in writing and signed by all of the Parties or their respective counsel.

D.    Nothing contained in this Agreement shall affect the right, if any, of any Party or other person to: (a) make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition; or (b) seek additional

18

protective relief with respect to any information or item sought in the course of discovery. Nothing contained in this Agreement shall affect the right, if any, of any Party to: (a) object to the admissibility, authenticity, or use of any information or item at any hearing or trial; (b) seek or compel additional discovery; or (c) waive in writing the provisions or protections provided by this Agreement with respect to the Party's own Confidential Information.

E.      In the event additional Parties are joined or permitted to intervene in this Action, they shall not have access to any Confidential Information and/or Highly Confidential Information unless and until such Parties (and their counsel) agree in writing to be bound by the terms of this Agreement.

F.      Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information and/or Highly Confidential Information shall relieve such person of his or her obligations under this Agreement, which shall survive.

G.      Upon the final resolution of this Action, any Party may seek leave to reopen this Action to enforce the provisions of this Agreement.

H.      This Agreement is binding on all Parties to this Action.

I.      This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof until the conclusion of this case.

Dated: June 29, 2015
       New York, New York

_____
                U.S.M.J.

                                    19

**Debra Freeman**
**United States** Magistrate **Judge**
**Southern District** of **New York**

AGREED TO BY:

Dated: 6/18/2015

_____
Constance M. Boland, Esq.
James Michael Smith, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022
Tel: (212) 940-3000
cboland@nixonpeabody.com
msmith@nixonpeabody.com

*Counsel for Defendant*

Dated: 6/18/2015

_____
Laura Scileppi, Esq.
William Dunnegan, Esq.
Dunnegan & Scileppi LLC
350 Fifth Avenue
New York, NY 10118
(212) 332-8300
ls@dunnegan.com
wd@dunnegan.com

*Counsel for Plaintiffs*

20

## ACKNOWLEDGEMENT

I_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Information that have been designated as Confidential [and/or Highly Confidential]. I agree that I will not disclose such Confidential Information [and/or Highly Confidential] to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Dated: _____        _____